1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7
8               EASTERN DISTRICT OF CALIFORNIA
9
10

11  KEVIN LAQUAN TRICE,            ) 1:11-cv—00951-LJO-SKO-HC
                                    )
12              Petitioner,         ) FINDINGS AND RECOMMENDATIONS TO
                                    ) DENY RESPONDENT'S MOTIONS TO
13                                  ) DISMISS THE PETITION (DOCS. 18,
        v.                          ) 20) AND TO DIRECT THE RESPONDENT
14                                  ) TO RESPOND TO THE PETITION IN
    M. McDONALD, Warden,           ) FORTY-FIVE (45) DAYS
15                                  )
                Respondent.         ) FINDINGS AND RECOMMENDATIONS TO
16                                  ) DISMISS AS MOOT PETITIONER'S
    _____) MOTIONS FOR A STAY (DOCS. 21, 24)
17
                            **OBJECTIONS DEADLINE:**
18                          **THIRTY (30) DAYS**
19
20      Petitioner is a state prisoner proceeding pro se and in

    forma pauperis with a petition for writ of habeas corpus pursuant
21
    to 28 U.S.C. § 2254.  The matter has been referred to the
22
    Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules
23
    302 through 304.  Pending before the Court are the parties'
24
    interrelated motions.
25
        Respondent filed a motion to dismiss on August 12, 2011, on
26
    the ground that state court remedies as to some of the claims in
27
    the petition were not exhausted.  A second, duplicative motion to
28

                                    1

dismiss was filed on August 15, 2011.  Petitioner filed opposition on October 18, 2011.  No reply was filed.

Petitioner filed motions for a stay and abeyance of the action on August 22, 2011, and on October 17, 2011, in which he sought a stay, including but not limited to a stay based on good cause pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

On November 1, 2011, Respondent filed a "CONDITIONAL NON-OPPOSITION TO PETITIONER'S REQUEST FOR A STAY AND ABEYANCE," in which Respondent opposed a Rhines stay because of what Respondent perceived as a lack of good cause for a stay.  Respondent suggested a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and further stated that if Petitioner "should disagree with this procedure," Respondent sought thirty (30) days to file formal opposition to the motion.

In light of Petitioner's failure to reply to Respondent's conditional non-opposition, the Court granted Respondent additional time to file formal opposition to Petitioner's motion for a stay.  Respondent filed opposition on January 5, 2012.

Although the time for replying to the opposition had passed, on February 16, 2012, the Court granted Petitioner's motion for an extension of time to file a reply to the opposition to the motion for a stay.  Although the time for Petitioner to file a reply has passed, no reply has been filed.

I.  Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies).  Further, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss.  The material facts pertinent to the motion are contained in the pleadings and in copies of state records which

have been provided by the parties, and as to which there is no factual dispute.  The Court will therefore review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Motion to Dismiss the Petition for Failure to Exhaust State Court Remedies

A.  Background

A jury convicted Petitioner of committing premeditated murder with a special circumstance, two counts of robbery, and two counts of false imprisonment.  The jury also found multiple firearm use and prior conviction allegations true. (V CT 1231-1239.)  The murder was committed in the course of a home invasion robbery of the victim, who was a drug dealer and gang member.

On April 21, 2008, the court sentenced Petitioner to a term of life without the possibility of parole, plus twenty-five years to life in prison, and imposed additional concurrent and stayed terms. (VI CT 1608, 1610, 1613-1616.)

Petitioner timely filed an opening brief in the California Court of Appeal, Fifth Appellate District, appealing his conviction on multiple grounds.  (Lodged Item No. 1.) Respondent's brief followed.  (Lodged Items No. 2.)  Petitioner did not file a reply brief.  On June 29, 2010, the Court of Appeal affirmed Petitioner's conviction and struck a restitution order to the City of Modesto. (Lodged Item No. 3.)

Petitioner filed a petition for review in the California Supreme Court on August 9, 2010 (Lodged Item No. 4), which was denied on October 13, 2010 (Lodged Item No. 5).

///

Petitioner filed the petition in this matter on May 25, 2011.  (Doc. 1.)  On June 14, 2011, this Court ordered Respondent to file a response to the petition.  (Doc. 6.)

Respondent has always conceded that Petitioner exhausted his state court remedies as to the following claims raised in the petition: 1) Petitioner's Fifth and Fourteenth Amendment rights were violated when the detective testifying in his case gave false testimony and withheld evidence; 2) his rights to due process and equal protection, along with his Fifth and Fourteenth Amendment rights, were violated when the prosecutor displayed a photograph of his co-defendant wearing jail attire; 3) his constitutional rights were violated by prosecutorial misconduct when the prosecutor improperly characterized one of Petitioner's prior convictions as a home invasion robbery in violation of the trial court's ruling; 4) his right to due process as well as his Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court ruled that his co-defendant's counsel could not refer to convictions of innocent persons during his closing argument; 5) his constitutional rights were violated by the trial court's failure to bifurcate proceedings involving the presentation of evidence supporting gang enhancement allegations; 6) his right to the effective assistance of counsel and other constitutional protections were violated by the admission of an improperly suggestive identification; and 7) his right to confrontation was violated by the admission of testimony by a doctor who did not perform the victim's autopsy. (Pet. 4-7; Mot. to Dismiss, Doc. 18, 4-6.)

///

In the motion to dismiss, Respondent initially contended that Petitioner failed to exhaust his state court remedies with respect to the following three claims because Petitioner failed to present them to the California Supreme Court: 1) (Petitioner's eighth ground) Petitioner's right to due process and his Fifth and Fourteenth Amendment rights were violated when the prosecution failed to correct a variety of inaccurate and misleading statements by prosecution witnesses; 2) (Petitioner's ninth ground) Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments and his right to due process were violated by the sentence imposed by the trial court; and 3) (Petitioner's tenth ground) various constitutional rights were violated because of the cumulative errors that occurred at his trial.  (Doc. 26; Pet. 4-7.)

In his formal opposition to the stay motion, Respondent acknowledged Petitioner's allegations that he had effectively exhausted the claims by joining in co-defendants' contentions in state court, and Respondent conceded that Petitioner had exhausted his eighth and ninth claims.  Petitioner had joined in his co-appellants' arguments on direct appeal, which included a claim regarding the prosecution's failure to correct false testimony (current claim eight), and a claim regarding insufficient evidence of a firearm enhancement (current claim nine).  (Lodged Item No. 1, No. 3 at 32-40, 112-18.)  After their claims were rejected by the Court of Appeal, the co-defendants filed petitions for review in the California Supreme Court.  Co-defendant Nichols renewed the claim regarding the failure to correct false testimony, and co-defendant Dean renewed the claim

regarding insufficient evidence of the firearm enhancement.
(Lodged Item No. 7 at claim one, Lodged Item No. 8 at claim
seven.) In his petition for review of the Court of Appeal's
affirmance of the judgment on direct appeal, Petitioner asked the
California Supreme Court to deem any arguments properly raised by
his co-defendants to be raised by Petitioner also. (Lodged Item
No. 4.)  Thus, the record demonstrates that state court remedies
were exhausted as to Petitioner's claims eight and nine.

Respondent presently maintains that state judicial remedies
as to Petitioner's tenth claim were not exhausted because neither
Petitioner nor his co-defendants raised a claim regarding the
cumulation of prejudice and error.

B.   Legal Standards

A petitioner who is in state custody and wishes to challenge
collaterally a conviction by a petition for writ of habeas corpus
must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).
The exhaustion doctrine is based on comity to the state court and
gives the state court the initial opportunity to correct the
state's alleged constitutional deprivations. Coleman v.
Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
1988).

A petitioner can satisfy the exhaustion requirement by
providing the highest state court with the necessary jurisdiction
a full and fair opportunity to consider each claim before
presenting it to the federal court, and demonstrating that no
state remedy remains available. Picard v. Connor, 404 U.S. 270,
275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court
was given a full and fair opportunity to hear a claim if the
petitioner has presented the highest state court with the claim's
factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365
(1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
(1992), superceded by statute as stated in Williams v. Taylor,
529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the
state court that he was raising a federal constitutional claim.
Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
(9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v.
Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133
F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States
Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule
further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.
2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th
Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims

1

in state court unless he specifically indicated to
that court that those claims were based on federal law.
See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
2000). Since the Supreme Court's decision in Duncan,
this court has held that the petitioner must make the
federal basis of the claim explicit either by citing
federal law or the decisions of federal courts, even
if the federal basis is "self-evident," Gatlin v. Madding,
189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
Harless, 459 U.S. 4, 7... (1982), or the underlying
claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, e.g., Hiivala v. Wood, 195
F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
at 865.
...
In Johnson, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001).

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition. Raspberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

481 (9th Cir. 2001). The authority of a court to hold a mixed

petition in abeyance pending exhaustion of the unexhausted claims

has not been extended to petitions that contain no exhausted

claims. Raspberry, 448 F.3d at 1154.

A federal court cannot entertain a petition that is "mixed,"

or which contains both exhausted and unexhausted claims. Rose v.

Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a

mixed petition; however, it must give the petitioner the choice

of returning to state court to exhaust his claims or of amending

9

1  or resubmitting the habeas petition to present only exhausted

2  claims. Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v.

3  Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

4       In the absence of a clear, strategic choice to forego

5  presentation of a federal issue, a petitioner has "fairly

6  presented" a claim not named in a petition if it is "sufficiently

7  related" to an exhausted claim. Wooten v. Kirkland, 540 F.3d

8  1019, 1025-26 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374

9  F.3d 785, 788 (9th Cir. 2004) (holding that by exhausting his

10 procedural due process challenge in his state court petition, the

11 petitioner had fairly presented his substantive due process claim

12 that he was tried while mentally incompetent because "the clear

13 implication of his claim was that by following a constitutionally

14 defective procedure, the state court erred in finding him

15 competent")). Claims are "sufficiently related" or "intertwined"

16 for exhaustion purposes when, by raising one claim, the petition

17 clearly implies another error. Wooten, 540 F.3d at 1025.

18 However, briefing a number of isolated errors that turn out to be

19 insufficient to warrant reversal does not automatically require

20 the court to consider whether the cumulative effect of the

21 alleged errors prejudiced the petitioner. Id.

22      Further, the decision in Solis v. Garcia, 219 F.3d 922, 930

23 (9th Cir. 2000), cert. den., 534 U.S. 839 (2001), suggests that a

24 cumulative error claim must be clearly identified in a

25 petitioner's brief before a state court to be exhausted. Wooten,

26 540 F.3d at 1026. In Solis, the petitioner set forth his

27 cumulative error claim in the penultimate paragraph of a lengthy

28 brief, stating that the "errors complained of above, individually

and cumulatively denied appellant Due Process and a fair trial under federal and state constitutions."  The petitioner did not label his cumulative error claim as an issue in the contents section of the brief; he did not argue the claim or cite authority for it.  The government did not address the claim in its brief.  The Solis court held that the district court properly declined to review the cumulative error claim.  Id. at 930.

            C. Analysis

      The cumulative prejudice claim raised by Petitioner in the petition before the Court is that Petitioner's rights to due process of law, present an effective defense, and a fundamentally fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated by the cumulative errors of the trial court.  (Pet. 7.) Petitioner does not enumerate the specific errors in his initial statement of the claim in the petition.  (Id.)  However, in his statement of his case, Petitioner specifies the following:

> Cumulative Prejudice, with respect to every issue not concerning disclosure of the confidential informant or alleged sentencing error, petitioners contend that, even if not prejudicial by itself, the error was prejudicial in the context of all the trial errors. Trial errors cumulatively denied them their rights to due process, to present an effective defense, and to a fundamentally fair trial.

(Id. at 15.)

      Petitioner's petition for review filed in the California Supreme Court did not expressly mention cumulative error or list it as an issue in the contents section.  Therefore, Petitioner's presentation of a claim of cumulative error or prejudice must rest on the portion of his petition for review that precedes the heading "JOINDER IN ISSUES PRESENTED FOR REVIEW BY CO-

APPELLANTS," and which states the following:

> As permitted by rule 8.504(e)(3) of the California
> Rules of Court, appellant and petitioner KEVIN LAQUAN
> TRICE hereby joins in, and incorporates herein by this
> reference, the issues presented for review and the
> arguments presented in support thereof set forth in
> the petitions filed by his co-appellants and co-
> petitioners Tommy Jackson Nichols and Jermaine
> Michael Dean, as set forth in this petition, <u>post</u>,
> at pages 3-13.

(Lodged Document 4, 2.)  The cited pages of the petition

contained arguments concerning other allegations of error.

However, in context, the quoted text incorporates all the co-

petitioners' arguments regardless of whether or not the arguments

were separately addressed in Petitioner's petition for review.

The petition for review filed by co-petitioner Jermaine

Michael Dean does not contain a cumulative error argument labeled

as such.  However, the petition expressly raises the cumulative,

prejudicial effect of admitting gang enhancement evidence and the

failure of the trial court to instruct on accomplice testimony

with respect to a chief prosecution witness, Philip Collins.

(Lodged Document 8, 22.)  The petition also argues that the

failure to bifurcate trial of gang enhancement allegations, in

light of the trial court's ruling that the extensive gang

evidence of predicate offenses was ultimately not admissible, was

extremely prejudicial in light of the possibility of the jury's

having had a reasonable doubt as to Dean's guilt because of the

doubtful credibility of Philip Collins, and in light of further

doubt premised on the unreliability of suggestive photographic

identifications.  (<u>Id.</u> at 32.)  It was argued that a suggestive

identification of Dean tainted Collins' in-court identification

of Dean; a series of suggestive identifications of Dean were the

only substantial evidence linking Dean to the crime.  (Id. at
37.)  The petition also noted the failure to disclose evidence in
the form of a detective's report that labeled witness Collins as
a gang member, which contradicted the detective's testimony that
Collins was not a gang member, and argued that the failure of
disclosure had a significant effect on the verdict.  (Id. at 38,
40.)  The petition contained a challenge to the prosecutor's
misrepresentation in opening argument concerning Dean's having
repeatedly telephoned Nichols, a co-participant identified as a
perpetrator of the murder-robbery.  The misstatement was
corrected by the testimony of a detective, who noted that the
number called was actually Dean's girlfriend's number, but Dean
argued that it had a substantial impact of the verdict because it
suggested planning activity between Dean and Nichols.  Dean
expressly argued that in light of the other doubts concerning
Dean's participation in the robbery, and considering the absence
of an accomplice testimony instruction, the failure to grant
bifurcation of the gang enhancement allegation, and the
suggestive photographic line-up, the error was prejudicial.  (Id.
at 41-43.)  The individual claims of error in Dean's petition
were thus expressly presented in the context of the prejudicial
effect of the totality of the errors.

     In his petition for review, co-petitioner Tommy Jackson
Nichols did not set forth a claim of cumulative error as such.
However, Nichols argued that the failure to disclose a testifying
detective's report that had listed informant Collins, a chief
prosecution witness, as a gang member was material and
prejudicial because it directly contradicted the testimony of two

detectives and informant Collins at trial and thus impeached the

credibility of crucial prosecution witnesses.  (Lodged Document

7, 10-12.)  It was argued that Collins' testimony corroborated

witness Tatum's identification of the defendants, linked the

defendants to the crime, and impeached Petitioner Trice.  (Id. at

13-14.)  Nichols argued that there was no physical evidence

linking the defendants to the crime scene or to a getaway trail

of discarded items, and there were discrepancies between the

physical evidence and the prosecution's theory of the crime which

involved the location of the victim when shot and whether

Petitioner Trice had been shot at the scene of the robbery and

murder.  Nichols argued that in view of the totality of the

evidence, the undisclosed evidence was material.  (Id. at 17-18.)

Nichols argued that the prosecutor's intentional misconduct of

displaying to the jury a photograph of Nichols shackled and in

jail garb was prejudicial when combined with the perjury of the

detectives and Collins and the introduction of inflammatory gang

information.  (Id. at 19-22.)  Nichols argued that the

prosecutor's repeated references to one of Petitioner Trice's

prior convictions as an "attempted home invasion robbery" instead

of as an "attempted first-degree robbery" was prejudicial because

the instant case involved a home invasion robbery.  Nichols

expressly contended that this error contributed to the cumulative

effect of the trial errors previously noted in connection with

the argument concerning the display of the inflammatory

photograph, namely, the perjury of the detectives and witness

Collins as well as the introduction of inflammatory gang

evidence.  (Id. at 22-24.)  Nichols challenged suggestive

14

1  identifications of Petitioner Trice as well as co-defendants
2  Nichols and Dean and the tainting of subsequent in-court
3  identifications; he argued that trial counsel's failure to
4  preserve the issue violated Petitioner's rights.  (Id. at 31-35.)

5       In summary, although there was no labeling of a contention
6  of cumulative error as such, the issue of the cumulative effect
7  of almost all the claims of trial error set forth in the present
8  petition was expressly presented to the California Supreme Court
9  by way of Petitioner's joinder in the co-petitioners'
10 contentions.  The contention regarding the trial court's refusal
11 to permit counsel to argue about innocently convicted persons and
12 a claim concerning the right to confront an expert who performed
13 an autopsy were not expressly raised as part of a cumulative
14 error claim before the state's highest court.  However, fairly
15 read, in the petitions for review the cumulative effect of the
16 trial errors was expressly raised and argued.  Further, legal
17 argument was made in support of the claim of cumulative error.
18 (See, e.g., Lodged Document 8 at 24.)

19      The Court concludes that Petitioner's tenth claim concerning
20 the cumulative effect of the trial errors was fairly presented to
21 the state courts because it was set forth with sufficient clarity
22 and was accompanied by argument and authority.  Accordingly, it
23 will be recommended that Respondent's motion to dismiss the
24 petition be denied.

25      Further, because it appears that all Petitioner's claims
26 were exhausted, it will be recommended that Petitioner's motion
27 for a stay to exhaust any unexhausted claims be dismissed as
28 moot, the Respondent be directed to file a response to the

petition, and the parties otherwise proceed in accordance with the Court's previous order of June 14, 2011, which directed a response to the petition.

III.   <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be DENIED; and  2) Petitioner's motion for a stay of this proceeding be DISMISSED as moot; and

3) Respondent be DIRECTED to file a response to the petition no later than forty-five (45) days after the date of service of this order, and the parties be DIRECTED to proceed in accordance with the Court's previous order of June 14, 2011, concerning the filing of a response and traverse.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **March 23, 2012**                          /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE