UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEVIN LAQUAN TRICE, | ) 1:11-cv—00951-LJO-SKO-HC |
|---|---|
| Petitioner, | ) <br> ) FINDINGS AND RECOMMENDATIONS TO <br> ) DENY RESPONDENT'S MOTIONS TO <br> ) DISMISS THE PETITION (DOCS. 18, |
| v. | ) 20) AND TO DIRECT THE RESPONDENT <br> ) TO RESPOND TO THE PETITION IN |
| M. McDONALD, Warden, | ) FORTY-FIVE (45) DAYS <br> ) |
| Respondent. | ) FINDINGS AND RECOMMENDATIONS TO <br> ) DISMISS AS MOOT PETITIONER'S <br> ) MOTIONS FOR A STAY (DOCS. 21, 24) |

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 through 304. Pending before the Court are the parties' interrelated motions.

Respondent filed a motion to dismiss on August 12, 2011, on the ground that state court remedies as to some of the claims in the petition were not exhausted. A second, duplicative motion to

1

1  dismiss was filed on August 15, 2011.  Petitioner filed

2  opposition on October 18, 2011.  No reply was filed.

3      Petitioner filed motions for a stay and abeyance of the

4  action on August 22, 2011, and on October 17, 2011, in which he

5  sought a stay, including but not limited to a stay based on good

6  cause pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

7      On November 1, 2011, Respondent filed a "CONDITIONAL NON-

8  OPPOSITION TO PETITIONER'S REQUEST FOR A STAY AND ABEYANCE," in

9  which Respondent opposed a Rhines stay because of what Respondent

10 perceived as a lack of good cause for a stay.  Respondent

11 suggested a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th

12 Cir. 2003), and further stated that if Petitioner "should

13 disagree with this procedure," Respondent sought thirty (30) days

14 to file formal opposition to the motion.

15     In light of Petitioner's failure to reply to Respondent's

16 conditional non-opposition, the Court granted Respondent

17 additional time to file formal opposition to Petitioner's motion

18 for a stay.  Respondent filed opposition on January 5, 2012.

19     Although the time for replying to the opposition had passed,

20 on February 16, 2012, the Court granted Petitioner's motion for

21 an extension of time to file a reply to the opposition to the

22 motion for a stay.  Although the time for Petitioner to file a

23 reply has passed, no reply has been filed.

24     I.   Proceeding by a Motion to Dismiss

25     Because the petition was filed after April 24, 1996, the

26 effective date of the Antiterrorism and Effective Death Penalty

27 Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

28 Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

2

1   1484, 1499 (9th Cir. 1997).

2       A district court may entertain a petition for a writ of

3   habeas corpus by a person in custody pursuant to the judgment of

4   a state court only on the ground that the custody is in violation

5   of the Constitution, laws, or treaties of the United States.  28

6   U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

7   375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,

8   16 (2010) (per curiam).

9       Rule 4 of the Rules Governing Section 2254 Cases in the

10  United States District Courts (Habeas Rules) allows a district

11  court to dismiss a petition if it "plainly appears from the face

12  of the petition and any exhibits annexed to it that the

13  petitioner is not entitled to relief in the district court...."

14      The Ninth Circuit has allowed respondents to file motions to

15  dismiss pursuant to Rule 4 instead of answers if the motion to

16  dismiss attacks the pleadings by claiming that the petitioner has

17  failed to exhaust state remedies or has violated the state's

18  procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418,

19  420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss

20  a petition for failure to exhaust state remedies).  Further, a

21  respondent may file a motion to dismiss after the Court orders

22  the respondent to respond, and the Court should use Rule 4

23  standards to review a motion to dismiss filed before a formal

24  answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

25      In this case, upon being directed to respond to the petition

26  by way of answer or motion, Respondent filed the motion to

27  dismiss.  The material facts pertinent to the motion are

28  contained in the pleadings and in copies of state records which

3

1  have been provided by the parties, and as to which there is no

2  factual dispute.  The Court will therefore review Respondent's

3  motion to dismiss pursuant to its authority under Rule 4.

4      II.  Motion to Dismiss the Petition for Failure to Exhaust
            State Court Remedies

5          A.  Background

6      A jury convicted Petitioner of committing premeditated

7  murder with a special circumstance, two counts of robbery, and

8  two counts of false imprisonment.  The jury also found

9  multiple firearm use and prior conviction allegations true. (V CT

10 1231-1239.)  The murder was committed in the course of a home

11 invasion robbery of the victim, who was a drug dealer and gang

12 member.

13     On April 21, 2008, the court sentenced Petitioner to a term

14 of life without the possibility of parole, plus twenty-five years

15 to life in prison, and imposed additional concurrent and stayed

16 terms. (VI CT 1608, 1610, 1613-1616.)

17     Petitioner timely filed an opening brief in the California

18 Court of Appeal, Fifth Appellate District, appealing his

19 conviction on multiple grounds.  (Lodged Item No. 1.)

20 Respondent's brief followed.  (Lodged Items No. 2.)  Petitioner

21 did not file a reply brief.  On June 29, 2010, the Court of

22 Appeal affirmed Petitioner's conviction and struck a restitution

23 order to the City of Modesto. (Lodged Item No. 3.)

24     Petitioner filed a petition for review in the California

25 Supreme Court on August 9, 2010 (Lodged Item No. 4), which was

26 denied on October 13, 2010 (Lodged Item No. 5).

27 ///

28

1        Petitioner filed the petition in this matter on May 25,

2    2011.  (Doc. 1.)  On June 14, 2011, this Court ordered Respondent

3    to file a response to the petition.  (Doc. 6.)

4        Respondent has always conceded that Petitioner exhausted his

5    state court remedies as to the following claims raised in the

6    petition: 1) Petitioner's Fifth and Fourteenth Amendment rights

7    were violated when the detective testifying in his case gave

8    false testimony and withheld evidence; 2) his rights to due

9    process and equal protection, along with his Fifth and Fourteenth

10   Amendment rights, were violated when the prosecutor displayed a

11   photograph of his co-defendant wearing jail attire; 3) his

12   constitutional rights were violated by prosecutorial misconduct

13   when the prosecutor improperly characterized one of Petitioner's

14   prior convictions as a home invasion robbery in violation of the

15   trial court's ruling; 4) his right to due process as well as his

16   Fifth, Sixth and Fourteenth Amendment rights were violated when

17   the trial court ruled that his co-defendant's counsel could not

18   refer to convictions of innocent persons during his closing

19   argument; 5) his constitutional rights were violated by the trial

20   court's failure to bifurcate proceedings involving the

21   presentation of evidence supporting gang enhancement allegations;

22   6) his right to the effective assistance of counsel and other

23   constitutional protections were violated by the admission of an

24   improperly suggestive identification; and 7) his right to

25   confrontation was violated by the admission of testimony by a

26   doctor who did not perform the victim's autopsy. (Pet. 4-7; Mot.

27   to Dismiss, Doc. 18, 4-6.)

28   ///

5

1     In the motion to dismiss, Respondent initially contended

2  that Petitioner failed to exhaust his state court remedies with

3  respect to the following three claims because Petitioner failed

4  to present them to the California Supreme Court: 1) (Petitioner's

5  eighth ground) Petitioner's right to due process and his Fifth

6  and Fourteenth Amendment rights were violated when the

7  prosecution failed to correct a variety of inaccurate and

8  misleading statements by prosecution witnesses; 2) (Petitioner's

9  ninth ground) Petitioner's rights under the Fifth, Sixth and

10  Fourteenth Amendments and his right to due process were violated

11  by the sentence imposed by the trial court; and 3) (Petitioner's

12  tenth ground) various constitutional rights were violated because

13  of the cumulative errors that occurred at his trial.  (Doc. 26;

14  Pet. 4-7.)

15     In his formal opposition to the stay motion, Respondent

16  acknowledged Petitioner's allegations that he had effectively

17  exhausted the claims by joining in co-defendants' contentions in

18  state court, and Respondent conceded that Petitioner had

19  exhausted his eighth and ninth claims.  Petitioner had joined in

20  his co-appellants' arguments on direct appeal, which included a

21  claim regarding the prosecution's failure to correct false

22  testimony (current claim eight), and a claim regarding

23  insufficient evidence of a firearm enhancement (current claim

24  nine).  (Lodged Item No. 1, No. 3 at 32-40, 112-18.)  After their

25  claims were rejected by the Court of Appeal, the co-defendants

26  filed petitions for review in the California Supreme Court.  Co-

27  defendant Nichols renewed the claim regarding the failure to

28  correct false testimony, and co-defendant Dean renewed the claim

6

1  regarding insufficient evidence of the firearm enhancement.

2  (Lodged Item No. 7 at claim one, Lodged Item No. 8 at claim

3  seven.) In his petition for review of the Court of Appeal's

4  affirmance of the judgment on direct appeal, Petitioner asked the

5  California Supreme Court to deem any arguments properly raised by

6  his co-defendants to be raised by Petitioner also. (Lodged Item

7  No. 4.)  Thus, the record demonstrates that state court remedies

8  were exhausted as to Petitioner's claims eight and nine.

9      Respondent presently maintains that state judicial remedies

10  as to Petitioner's tenth claim were not exhausted because neither

11  Petitioner nor his co-defendants raised a claim regarding the

12  cumulation of prejudice and error.

13          B.   Legal Standards

14      A petitioner who is in state custody and wishes to challenge

15  collaterally a conviction by a petition for writ of habeas corpus

16  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

17  The exhaustion doctrine is based on comity to the state court and

18  gives the state court the initial opportunity to correct the

19  state's alleged constitutional deprivations. Coleman v.

20  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

21  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

22  1988).

23      A petitioner can satisfy the exhaustion requirement by

24  providing the highest state court with the necessary jurisdiction

25  a full and fair opportunity to consider each claim before

26  presenting it to the federal court, and demonstrating that no

27  state remedy remains available.  Picard v. Connor, 404 U.S. 270,

28  275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1   1996).  A federal court will find that the highest state court

2   was given a full and fair opportunity to hear a claim if the

3   petitioner has presented the highest state court with the claim's

4   factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

5   (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

6   (1992), superceded by statute as stated in Williams v. Taylor,

7   529 U.S. 362 (2000) (factual basis).

8        Additionally, the petitioner must have specifically told the

9   state court that he was raising a federal constitutional claim.

10  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

11  (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v.

12  Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133

13  F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

14  Supreme Court reiterated the rule as follows:

15       In Picard v. Connor, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
16       petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
17       "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
18       internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
19       of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
20       claims under the United States Constitution. If a
         habeas petitioner wishes to claim that an evidentiary
21       ruling at a state court trial denied him the due
         process of law guaranteed by the Fourteenth Amendment,
22       he must say so, not only in federal court, but in state
         court.

23  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

24  further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

25  2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

26  Cir. 2001), stating:

27       Our rule is that a state prisoner has not "fairly
28       presented" (and thus exhausted) his federal claims

8

1

2

3

4

5

6

7

8

9

10

11

     in state court unless he specifically indicated to
that court that those claims were based on federal law.
<u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
2000). Since the Supreme Court's decision in <u>Duncan</u>,
this court has held that the petitioner must make the
federal basis of the claim explicit either by citing
federal law or the decisions of federal courts, even
if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.
Harless</u>, 459 U.S. 4, 7... (1982), or the underlying
claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195
F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
at 865.
...
In <u>Johnson</u>, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

12

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

13

amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir.

14

2001).

15

     Where none of a petitioner's claims has been presented to

16

the highest state court as required by the exhaustion doctrine,

17

the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448

18

F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

19

481 (9th Cir. 2001). The authority of a court to hold a mixed

20

petition in abeyance pending exhaustion of the unexhausted claims

21

has not been extended to petitions that contain no exhausted

22

claims. <u>Raspberry</u>, 448 F.3d at 1154.

23

     A federal court cannot entertain a petition that is "mixed,"

24

or which contains both exhausted and unexhausted claims. <u>Rose v.

25

Lundy</u>, 455 U.S. 509, 510 (1982). A district court must dismiss a

26

mixed petition; however, it must give the petitioner the choice

27

of returning to state court to exhaust his claims or of amending

28

1  or resubmitting the habeas petition to present only exhausted

2  claims.  Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v.

3  Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

4       In the absence of a clear, strategic choice to forego

5  presentation of a federal issue, a petitioner has "fairly

6  presented" a claim not named in a petition if it is "sufficiently

7  related" to an exhausted claim.  Wooten v. Kirkland, 540 F.3d

8  1019, 1025-26 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374

9  F.3d 785, 788 (9th Cir. 2004) (holding that by exhausting his

10 procedural due process challenge in his state court petition, the

11 petitioner had fairly presented his substantive due process claim

12 that he was tried while mentally incompetent because "the clear

13 implication of his claim was that by following a constitutionally

14 defective procedure, the state court erred in finding him

15 competent")).  Claims are "sufficiently related" or "intertwined"

16 for exhaustion purposes when, by raising one claim, the petition

17 clearly implies another error.  Wooten, 540 F.3d at 1025.

18 However, briefing a number of isolated errors that turn out to be

19 insufficient to warrant reversal does not automatically require

20 the court to consider whether the cumulative effect of the

21 alleged errors prejudiced the petitioner.  Id.

22      Further, the decision in Solis v. Garcia, 219 F.3d 922, 930

23 (9th Cir. 2000), cert. den., 534 U.S. 839 (2001), suggests that a

24 cumulative error claim must be clearly identified in a

25 petitioner's brief before a state court to be exhausted.  Wooten,

26 540 F.3d at 1026.  In Solis, the petitioner set forth his

27 cumulative error claim in the penultimate paragraph of a lengthy

28 brief, stating that the "errors complained of above, individually

1   and cumulatively denied appellant Due Process and a fair trial

2   under federal and state constitutions." The petitioner did not

3   label his cumulative error claim as an issue in the contents

4   section of the brief; he did not argue the claim or cite

5   authority for it. The government did not address the claim in

6   its brief. The <u>Solis</u> court held that the district court properly

7   declined to review the cumulative error claim. <u>Id.</u> at 930.

8               C.   <u>Analysis</u>

9        The cumulative prejudice claim raised by Petitioner in the

10  petition before the Court is that Petitioner's rights to due

11  process of law, present an effective defense, and a fundamentally

12  fair trial under the Fifth, Sixth, and Fourteenth Amendments were

13  violated by the cumulative errors of the trial court. (Pet. 7.)

14  Petitioner does not enumerate the specific errors in his initial

15  statement of the claim in the petition. (<u>Id.</u>)  However, in his

16  statement of his case, Petitioner specifies the following:

17          Cumulative Prejudice, with respect to every issue not
            concerning disclosure of the confidential informant
18          or alleged sentencing error, petitioners contend that,
            even if not prejudicial by itself, the error was
19          prejudicial in the context of all the trial errors.
            Trial errors cumulatively denied them their rights to
20          due process, to present an effective defense, and to a
            fundamentally fair trial.
21
    (<u>Id.</u> at 15.)
22
         Petitioner's petition for review filed in the California
23
    Supreme Court did not expressly mention cumulative error or list
24
    it as an issue in the contents section. Therefore, Petitioner's
25
    presentation of a claim of cumulative error or prejudice must
26
    rest on the portion of his petition for review that precedes the
27
    heading "JOINDER IN ISSUES PRESENTED FOR REVIEW BY CO-
28

                                  11

1  APPELLANTS," and which states the following:

2          As permitted by rule 8.504(e)(3) of the California
           Rules of Court, appellant and petitioner KEVIN LAQUAN
3          TRICE hereby joins in, and incorporates herein by this
           reference, the issues presented for review and the
4          arguments presented in support thereof set forth in
           the petitions filed by his co-appellants and co-
5          petitioners Tommy Jackson Nichols and Jermaine
           Michael Dean, as set forth in this petition, <u>post</u>,
6          at pages 3-13.

7  (Lodged Document 4, 2.)  The cited pages of the petition

8  contained arguments concerning other allegations of error.

9  However, in context, the quoted text incorporates all the co-

10 petitioners' arguments regardless of whether or not the arguments

11 were separately addressed in Petitioner's petition for review.

12         The petition for review filed by co-petitioner Jermaine

13 Michael Dean does not contain a cumulative error argument labeled

14 as such.  However, the petition expressly raises the cumulative,

15 prejudicial effect of admitting gang enhancement evidence and the

16 failure of the trial court to instruct on accomplice testimony

17 with respect to a chief prosecution witness, Philip Collins.

18 (Lodged Document 8, 22.)  The petition also argues that the

19 failure to bifurcate trial of gang enhancement allegations, in

20 light of the trial court's ruling that the extensive gang

21 evidence of predicate offenses was ultimately not admissible, was

22 extremely prejudicial in light of the possibility of the jury's

23 having had a reasonable doubt as to Dean's guilt because of the

24 doubtful credibility of Philip Collins, and in light of further

25 doubt premised on the unreliability of suggestive photographic

26 identifications.  (<u>Id.</u> at 32.)  It was argued that a suggestive

27 identification of Dean tainted Collins' in-court identification

28 of Dean; a series of suggestive identifications of Dean were the

1  only substantial evidence linking Dean to the crime.  (Id. at

2  37.)  The petition also noted the failure to disclose evidence in

3  the form of a detective's report that labeled witness Collins as

4  a gang member, which contradicted the detective's testimony that

5  Collins was not a gang member, and argued that the failure of

6  disclosure had a significant effect on the verdict.  (Id. at 38,

7  40.)  The petition contained a challenge to the prosecutor's

8  misrepresentation in opening argument concerning Dean's having

9  repeatedly telephoned Nichols, a co-participant identified as a

10 perpetrator of the murder-robbery.  The misstatement was

11 corrected by the testimony of a detective, who noted that the

12 number called was actually Dean's girlfriend's number, but Dean

13 argued that it had a substantial impact of the verdict because it

14 suggested planning activity between Dean and Nichols.  Dean

15 expressly argued that in light of the other doubts concerning

16 Dean's participation in the robbery, and considering the absence

17 of an accomplice testimony instruction, the failure to grant

18 bifurcation of the gang enhancement allegation, and the

19 suggestive photographic line-up, the error was prejudicial.  (Id.

20 at 41-43.)  The individual claims of error in Dean's petition

21 were thus expressly presented in the context of the prejudicial

22 effect of the totality of the errors.

23      In his petition for review, co-petitioner Tommy Jackson

24 Nichols did not set forth a claim of cumulative error as such.

25 However, Nichols argued that the failure to disclose a testifying

26 detective's report that had listed informant Collins, a chief

27 prosecution witness, as a gang member was material and

28 prejudicial because it directly contradicted the testimony of two

1  detectives and informant Collins at trial and thus impeached the

2  credibility of crucial prosecution witnesses.  (Lodged Document

3  7, 10-12.)  It was argued that Collins' testimony corroborated

4  witness Tatum's identification of the defendants, linked the

5  defendants to the crime, and impeached Petitioner Trice.  (Id. at

6  13-14.)  Nichols argued that there was no physical evidence

7  linking the defendants to the crime scene or to a getaway trail

8  of discarded items, and there were discrepancies between the

9  physical evidence and the prosecution's theory of the crime which

10 involved the location of the victim when shot and whether

11 Petitioner Trice had been shot at the scene of the robbery and

12 murder.  Nichols argued that in view of the totality of the

13 evidence, the undisclosed evidence was material.  (Id. at 17-18.)

14 Nichols argued that the prosecutor's intentional misconduct of

15 displaying to the jury a photograph of Nichols shackled and in

16 jail garb was prejudicial when combined with the perjury of the

17 detectives and Collins and the introduction of inflammatory gang

18 information.  (Id. at 19-22.)  Nichols argued that the

19 prosecutor's repeated references to one of Petitioner Trice's

20 prior convictions as an "attempted home invasion robbery" instead

21 of as an "attempted first-degree robbery" was prejudicial because

22 the instant case involved a home invasion robbery.  Nichols

23 expressly contended that this error contributed to the cumulative

24 effect of the trial errors previously noted in connection with

25 the argument concerning the display of the inflammatory

26 photograph, namely, the perjury of the detectives and witness

27 Collins as well as the introduction of inflammatory gang

28 evidence.  (Id. at 22-24.)  Nichols challenged suggestive

1  identifications of Petitioner Trice as well as co-defendants

2  Nichols and Dean and the tainting of subsequent in-court

3  identifications; he argued that trial counsel's failure to

4  preserve the issue violated Petitioner's rights.  (Id. at 31-35.)

5       In summary, although there was no labeling of a contention

6  of cumulative error as such, the issue of the cumulative effect

7  of almost all the claims of trial error set forth in the present

8  petition was expressly presented to the California Supreme Court

9  by way of Petitioner's joinder in the co-petitioners'

10  contentions.  The contention regarding the trial court's refusal

11  to permit counsel to argue about innocently convicted persons and

12  a claim concerning the right to confront an expert who performed

13  an autopsy were not expressly raised as part of a cumulative

14  error claim before the state's highest court.  However, fairly

15  read, in the petitions for review the cumulative effect of the

16  trial errors was expressly raised and argued.  Further, legal

17  argument was made in support of the claim of cumulative error.

18  (See, e.g., Lodged Document 8 at 24.)

19       The Court concludes that Petitioner's tenth claim concerning

20  the cumulative effect of the trial errors was fairly presented to

21  the state courts because it was set forth with sufficient clarity

22  and was accompanied by argument and authority.  Accordingly, it

23  will be recommended that Respondent's motion to dismiss the

24  petition be denied.

25       Further, because it appears that all Petitioner's claims

26  were exhausted, it will be recommended that Petitioner's motion

27  for a stay to exhaust any unexhausted claims be dismissed as

28  moot, the Respondent be directed to file a response to the

15

1   petition, and the parties otherwise proceed in accordance with

2   the Court's previous order of June 14, 2011, which directed a

3   response to the petition.

4        III.   Recommendation

5        Accordingly, it is RECOMMENDED that:

6        1) Respondent's motion to dismiss the petition be DENIED;

7   and  2) Petitioner's motion for a stay of this proceeding be

8   DISMISSED as moot; and

9        3) Respondent be DIRECTED to file a response to the petition

10  no later than forty-five (45) days after the date of service of

11  this order, and the parties be DIRECTED to proceed in accordance

12  with the Court's previous order of June 14, 2011, concerning the

13  filing of a response and traverse.

14       These findings and recommendations are submitted to the

15  United States District Court Judge assigned to the case, pursuant

16  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

17  the Local Rules of Practice for the United States District Court,

18  Eastern District of California.  Within thirty (30) days after

19  being served with a copy, any party may file written objections

20  with the Court and serve a copy on all parties.  Such a document

21  should be captioned "Objections to Magistrate Judge's Findings

22  and Recommendations."  Replies to the objections shall be served

23  and filed within fourteen (14) days (plus three (3) days if

24  served by mail) after service of the objections.  The Court will

25  then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

26  § 636 (b)(1)(C).  The parties are advised that failure to file

27  objections within the specified time may waive the right to

28  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

1   1153 (9th Cir. 1991).

2

3   IT IS SO ORDERED.

4   **Dated:     March 23, 2012**                              /s/ **Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE