**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN LAQUIN TRICE,<br><br>      Petitioner,<br>   v.<br><br>MARTIN BITER, Warden<br><br>      Respondent.<br>------------------------------<br>TOMMY NICHOLS,<br><br>      Petitioner,<br><br>   v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN,<br><br>      Respondent. | Case No. 1:11-cv-00951-LJO-SKO-HC<br>Case No. 1:13-cv-01561-AWI-BAM-HC<br><br>ORDER CONSOLIDATING FOR<br>ALL PURPOSES CASES<br>1:11-cv-00951-LJO-SKO-HC AND<br>1:13-cv-01561-AWI-BAM-HC<br>ON THE COURT'S OWN MOTION<br><br>ORDER DIRECTING THE CLERK<br>TO CLOSE ACTION NUMBER<br>1:13-CV-1561-AWI-BAM-HC<br><br>ORDER DIRECTING THE PARTIES TO FILE IN THE FUTURE ALL PAPERS IN ACTION NUMBER 1:11-0951-LJO-SKO-HC |

    Petitioner Trice and Petitioner Nichols are prisoners proceeding pro se and in forma pauperis with petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matters have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

1

I. Background

Petitioners were jointly tried and convicted of the murder of a single victim and related offenses. The record pertinent to both cases is lengthy. Petitioner Nichols raises issues relating to alleged due process violations resulting from the admission of identifications of all co-defendants; these issues are also raised by Petitioner Trice. Both cases are ready for decision.

II. Analysis

Fed. R. Civ. P. 42(a) provides:

> a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> 1) join for hearing or trial any or all matters at issue in the actions;
> 2) consolidate the actions; or
> 3) issue any other orders to avoid unnecessary cost or delay.

A trial court has broad discretion to consolidate in whole or in part cases pending in the same district. Investors Research Co. v. United States District Court, 877 F.2d 777 (9th Cir. 1989). However, it is necessary that the actions have a common question of law or fact. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed. R. Civ. P. 42(b). The Court should weigh the interests of judicial convenience against any potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc. v. Triple A Machine Shop,

2

Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

Consolidation may be ordered on motion of any party to the action or on the Court's own motion. Devlin v. Transportation Communications International Union, 175 F.3d 121, 130 (2nd Cir. 1999).

Here, the identity issues raised by Petitioner Nichols are also raised by Petitioner; the actions contain common questions of law and fact. Consolidation would be efficient and would also avoid the risk of inconsistent adjudications. No potential for delay, confusion, or prejudice from consolidation appears. Thus, the Court will direct that the cases be consolidated.

III. Disposition

Accordingly, it is ORDERED that:

1) Actions 1:11-cv-00951-LJO-SKO-HC and 1:13-cv-01561-AWI-BAM-HC are CONSOLIDATED for all purposes;

2) The parties are DIRECTED to file all future papers in action number 1:11-cv-00951-LJO-SKO-HC; and

3. The Clerk of Court is DIRECTED to file all future papers in action number 1:11-cv-00951-LJO-SKO-HC, and to close action number 1:13-cv-01561-AWI-BAM-HC.

IT IS SO ORDERED.

Dated:  **September 2, 2014**          **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

3