**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN LAQUAN TRICE,<br><br>　　　　Petitioner,<br>　　v.<br><br>MARTIN BITER, Warden,<br><br>　　　　Respondent.<br>------------------------------<br>TOMMY NICHOLS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　Respondent. | Case No. 1:11-cv-00951-LJO-SKO-HC<br><br>ORDER TERMINATING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 74)<br><br>ORDER DENYING PETITIONER TRICE'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (DOC. 75) |

Petitioner Kevin Laquan Trice is a state prisoner who proceeded pro se and in forma pauperis with a consolidated petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 3, 2015, the petition was denied, and judgment was entered in favor of

1

Respondent.  On March 16, Petitioner filed 1) a motion for an extension of time to file a notice of appeal, which was granted until May 2, 2015, and 2) a motion to extend time to file a motion for reconsideration of the judgment, which was denied.  On April 20, 2015, Petitioner filed a motion for reconsideration of the judgment. The Court has not ruled on the motion for reconsideration because the time for filing opposition to the motion has not expired.

On May 5, 2015, Petitioner filed a second motion for extension of time to file a notice of appeal (doc. 75) as well as a notice of appeal.  Because of the nature of the motions and their procedural posture, the Court exercises its discretion to consider the motions on an ex parte basis.  See Fed. R. App. P. 4(a)(5)(B).

I.  Order Terminating the Motion for Reconsideration

The filing of a timely notice of appeal transfers jurisdiction to the appellate court over the appealable orders and judgments that are encompassed by the notice, and it removes jurisdiction from the district court.  Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995).  With respect to this Court's consideration of a motion pursuant to Rule 60 to vacate a judgment that is the subject of a pending appeal, the law has recently been summarized:

> Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.1986). However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Id. (internal quotation marks and citations omitted); see also Defenders of Wildlife v. Bernal, 204 F.3d 920, 930 (9th Cir.2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final

2

determination on the merits); <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir.1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to grant the motion, the movant first should request limited remand from the appellate court); <u>Crateo, Inc. v. Intermark, Inc.</u> (<u>In re Crateo, Inc.</u>), 536 F.2d 862, 869 (9th Cir.1976) (declining to order a remand after the district court declined to entertain the Rule 60(b) motion).

<u>Davis v. Yageo Corp.</u>, 481 F.3d 661, 685 (9th Cir. 2007).

Here, to the extent that Petitioner's motion could be considered a request to this Court to entertain Petitioner's motion, the Court is not inclined to consider or to grant Petitioner's motion for relief from the judgment.

Accordingly, the Clerk is DIRECTED to terminate Petitioner's motion for relief from the judgment.

II. <u>Order Denying Petitioner's Motion for Extension of Time to File a Notice of Appeal</u>

As the Court noted in its previous order granting an extension of time to file a notice of appeal, further extension of the deadline is not permitted by the rules.  Fed. R. App. P. 4(a)(5)(C).

Further, because Petitioner's notice of appeal has been filed, Petitioner's motion for an extension of time to file a notice of appeal is moot.

Accordingly, Petitioner's motion for an extension of time to file a notice of appeal is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2015**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

3